Filed 3/5/25  P. v. Stone CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br>v.<br><br>TRACY ARTHUR STONE,<br>        Defendant and Appellant. | A169646<br><br>(Contra Costa County<br>Super. Ct. Nos. 9211442<br>& 9223520) |

Tracy Arthur Stone appeals from an order denying him resentencing under Penal Code section 1172.75.  (Undesignated statutory references are to this code.)  We affirm.

## BACKGROUND

In 1993, after a bench trial, Stone was convicted of multiple counts of kidnapping and sexual assault against minors arising out of events occurring in 1992, along with several enhancements — none of which were prior prison term enhancements under former section 667.5, subdivision (b).  The trial court sentenced him to 109 years, four months in prison.  One month before this sentencing, Stone also pled no contest to first degree burglary based on events occurring in 1990, along with enhancements for a prior prison conviction (§ 667.5, subd. (b)) and for a prior serious felony conviction (former § 667, subd. (a)).  In a *separate* abstract of judgment, the court sentenced Stone to nine years in prison — the middle term of four years for the burglary, and five years for the prior serious felony enhancement.  The court

1

struck the prior prison enhancement and stated the sentence in that case was to "run concurrent with any sentence [Stone] is now serving or is subject to serve in the Department of Corrections."

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5, subdivision (b), to eliminate sentencing enhancements for prior prison terms unless the prior terms were for sexually violent offenses. (Stats. 2019, ch. 590, § 1; *People v. Burgess* (2022) 86 Cal.App.5th 375, 380.) This amendment applies retroactively. (*Burgess*, at p. 380.) Section 1172.75 states, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, . . . is legally invalid." (§ 1172.75, subd. (a); Stats. 2021, ch. 728, § 3) The statute includes a mechanism for resentencing defendants serving terms that include this now-invalid enhancement. (§ 1172.75, subds. (b)–(d); *Burgess*, at p. 380.) Specifically, the Secretary of the Department of Corrections and Rehabilitation (Secretary) must identify persons in their custody "currently serving a term for a judgment that includes an enhancement" as described in section 1172.75, subdivision (a), and provide the name, birth date, and relevant case number to the sentencing court that imposed the enhancement. (*Id.*, subd. (b).) The court must first verify the judgment includes the enhancement and, if so, recall and resentence the defendant. (*Id.*, subd. (c).) At resentencing, the court must impose a lesser sentence than the original sentence unless it would endanger public safety. (*Id.*, subds. (d)(1)–(2).)

Around June 2022, the Secretary sent a notification that Stone was serving a now-invalid sentence for a prior prison term.[1] The trial court

---

[1] Stone's unopposed request for judicial notice of the settled statement is granted. (Evid. Code, § 452, subd. (d)(1).)

rejected the People's argument that Stone was ineligible for resentencing because he already completed his sentence for his burglary conviction and related enhancements, but it nonetheless denied him relief because the prior prison term enhancement was previously stricken during the original sentencing.

## DISCUSSION

Stone contends he is eligible for resentencing relief under section 1172.75 even though his prior prison enhancement was stricken at his original sentencing. Relying on *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987, Stone argues section 1172.75 applies whenever a prior prison enhancement is included in a judgment, whether the enhancement is executed, stayed, or punishment is struck. (*Espino*, at p. 194.) There is currently a split in authority regarding whether section 1172.75 applies when prior prison term enhancements are contained in the abstract of judgment, but execution has been stayed or stricken. (Compare *Espino*, at p. 194 with *People v. Rhodius* (2023) 97 Cal.App.5th 38, 44–45, review granted Feb. 21, 2024, S283169 [§ 1172.75 only applies to "imposed and executed" prior prison enhancements] and *People v. Christianson* (2023) 97 Cal.App.5th 300, 312, review granted Feb. 21, 2024, S283189 [same, but noting "[w]hen a punishment is stayed, *as opposed to stricken*, the trial court retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated"], italics added.)

Wading into this fray — which will be resolved in due course by the California Supreme Court — is unnecessary. Based on our independent review, we conclude Stone is ineligible for resentencing relief because, at the time of his hearing, he was not "currently serving a term for a judgment that

3

includes" a prior prison term enhancement. (§ 1172.75, subds. (a)–(b); *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125.)

In one abstract of judgment issued on April 12, 1993, the trial court sentenced Stone to 109 years, four months in prison for his kidnapping, child abuse, and residential burglary offenses committed in 1992 — that sentence does not include a prior prison term enhancement. In a separate abstract of judgment issued the same day, the court sentenced Stone to four years in prison for a residential burglary offense committed in 1990 and five years for a prior serious felony under section 667, subdivision (a). That sentence ran "concurrent with any sentence [Stone] is now serving or is subject to serve in the Department of Corrections." (§ 669, subd. (a) [requiring courts to direct whether two or more sentences run concurrently or consecutively].) Because the two sentences were imposed on the same date and ran concurrently, they began on the same date and were "not postponed until the completion of a prior term." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1182, fn. 3.) That is, they ran " 'together during the time that the periods overlap[ped].' " (*Ibid*.)

Stone's sentences only overlapped for nine years. He completed the nine-year sentence for his 1993 residential burglary conviction — the sentence including the section 667, subdivision (a) prior serious felony enhancement that was struck at the time of sentencing — in 2002. (*People v. Bruner*, *supra*, 9 Cal.4th at p. 1182, fn. 3.) Thus, since then he has only been serving a sentence for a judgment that *does not* include a prior prison enhancement — the sentence is not an aggregate term based on his convictions from two cases. (*In re Reeves* (2005) 35 Cal.4th 765, 773 ["no principle of California law merges *concurrent* terms into a single aggregate term"].) As such, he does not satisfy the statutory criteria for section 1172.75 resentencing relief — "currently serving a term for a judgment" that includes

4

a prior prison enhancement under section 667.5, subdivision (b).  (§ 1172.75, subd. (b).)  That section 1172.75 includes two sets of deadlines for the Secretary to identify and provide the names of persons "in their custody currently serving a term for a judgment that includes" the now-invalid enhancement — "By March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement. For purposes of this paragraph, all other enhancements shall be considered to have been served first" and "By July 1, 2022, for all other individuals" — does not alter this conclusion.  (§ 1172.75, subds. (b)(1)–(2).)  Those provisions simply prioritize resentencing for individuals who have served their base terms and are now currently serving time on the enhancement before identifying "all other individuals," i.e., those who have not served their base terms or any other enhancements.  They do not change the baseline eligibility criteria —currently serving a term for a judgment that includes the section 667.5 prior prison enhancement.  The trial court correctly concluded Stone is ineligible for resentencing relief.  (*People v. Dawkins* (2014) 230 Cal.App.4th 991, 1004 [affirming trial court ruling on any basis apparent from the record].)

## DISPOSITION

The order is affirmed.

_____
RODRÍGUEZ, J.


WE CONCUR:


_____
TUCHER, P. J.


_____
PETROU, J.


A169646; *People v. Stone*

6